JAIME SANTIAGO *v.* COMMISSIONER OF
CORRECTION
(AC 25298)

Schaller, McLachlan and Foti, Js.

Argued April 20—officially released July 26, 2005

*Charles F. Willson*, special public defender, for the appellant (petitioner).

*Jessica Probolus*, special deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Maureen M. Keegan*, executive assistant state's attorney, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Jaime Santiago, appeals following the denial of his petition for certification to appeal from the denial of his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly rejected his claim of ineffective assistance of counsel. We dismiss the appeal.

The petitioner was charged in connection with injuries suffered by his infant son. A jury found the petitioner guilty of assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (1). The trial court rendered judgment in accordance with the jury's verdict and sentenced the petitioner to a total effective term of twenty years incarceration. The peti-

tioner then filed a direct appeal from the judgment of conviction. See *State* v. *Santiago*, 74 Conn. App. 736, 813 A.2d 1068 (2003). This court rejected the petitioner's sole claim of insufficient evidence and affirmed the judgment of conviction. Id., 742.

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel should have raised a defense of mental defect or disease. The habeas court found that the petitioner voluntarily had sought psychiatric hospitalization less than two months before he injured his infant son. At the hospital, Jeffrey Boyd, a psychiatrist, examined the petitioner and determined that he was depressed. Boyd discharged the petitioner from the hospital after four days and did not prescribe any medication for him. The petitioner's diagnosis at discharge was "[a]djustment disorder with disturbance of emotions and conduct." That diagnosis indicated that the petitioner required no further medical treatment.

The habeas court further determined that the petitioner's trial counsel, Eroll Skyers, had known about the petitioner's hospitalization and initially had planned to raise a defense of mental defect or disease despite Boyd's diagnosis. The trial court had granted Skyers' request for an examination to determine whether the petitioner was competent to stand trial, but ultimately determined that the petitioner was competent. Skyers then obtained permission for John Collins, a clinical psychologist, to examine the petitioner. Collins spent approximately twenty hours examining the petitioner and concluded that he did not suffer from a mental defect or disease. Skyers then decided not to raise a defense of mental defect or disease at the petitioner's trial. Skyers instead argued that the petitioner's infant son had been injured accidentally.

In preparation for the hearing on his petition for a writ of habeas corpus, the petitioner was interviewed

for ninety minutes by John H. Felber, a psychiatrist, who also reviewed the petitioner's medical records. Felber concluded that the petitioner suffers from a personality disorder and an impulse control disorder known as intermittent explosive disorder. In Felber's opinion, the petitioner requires hospitalization, intensive therapy and medication to treat his illness. Felber concluded that Boyd had failed to diagnose the full extent of the petitioner's condition. Felber rejected Collins' conclusions regarding the petitioner and also rejected Collins' methodology.

The petitioner argued at the habeas hearing that Skyers should have presented an expert with an opinion comparable to Felber's at trial. The habeas court determined that Felber's opinion was not entitled to any weight because it was not available to Skyers during the petitioner's trial and was based on a far less comprehensive examination than was Collins' opinion. The court concluded that the petitioner failed to prove that Skyers had provided ineffective assistance and therefore denied the petition for a writ of habeas corpus. The petitioner then filed a petition for certification to appeal, which the court denied. The petitioner contends that the court should have granted his petition for certification to appeal because Skyers should have pursued a defense of mental defect or disease at trial. We disagree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discre-

tion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004).

We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Goodrum* v. *Commissioner of Correction*, 63 Conn. App. 297, 299, 776 A.2d 461, cert. denied, 258 Conn. 902, 782 A.2d 136 (2001).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . .

resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In *Strickland,* the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) *Braham* v. *Commissioner of Correction,* 72 Conn. App. 1, 5–6, 804 A.2d 951, cert. denied, 262 Conn. 906, 810 A.2d 271 (2002).

Our review of the record discloses that the evidence supports the habeas court's conclusion that Skyers conducted a reasonable and sufficient investigation of the petitioner's mental state. Skyers intended to raise a defense of mental defect or disease after speaking with the petitioner and reviewing his file and medical

records. Skyers first sought from the trial court an order for an examination to determine the petitioner's competency to stand trial. Although the purpose of the competency examination was to determine whether the petitioner understood the nature of the proceedings and could aid in his own defense, the court's finding that the petitioner was competent could have suggested to Skyers that the petitioner did not suffer from a mental defect or disease. Skyers nonetheless sought a further psychological examination by Collins, which revealed no mental defect or disease. After receiving Collins' report, Skyers reasonably could have concluded that there was no basis for a defense of mental defect or disease.

Skyers' reliance on an expert opinion that the petitioner did not suffer from a mental defect or disease does not provide a basis for determining that his performance was deficient. The petitioner's claim that Skyers should have continued to seek expert opinions until he found one similar to Felber's is without merit. Counsel is not obligated to seek an indeterminate number of expert opinions before reasonably concluding that a client cannot prevail on a defense of mental defect or disease. See, e.g., *Doehrer* v. *Commissioner of Correction*, 68 Conn. App. 774, 783, 795 A.2d 548, cert. denied, 260 Conn. 924, 797 A.2d 520 (2002).

Furthermore, the habeas court found that Felber's opinion was supported poorly because Felber had conducted a cursory examination of the petitioner that was based largely on a ninety minute interview. Collins, by contrast, had conducted a much more extensive examination that included twenty hours of contact with the petitioner. The habeas court's determination that Felber's opinion was not entitled to any weight was not in abuse of its discretion. We therefore agree with the habeas court that Skyers' representation fell within the broad range of competence displayed by attorneys with

ordinary skill and training. Because the petitioner has failed to show that Skyers' performance was deficient, we do not address the prejudice prong of *Strickland*.

Our review of the petitioner's underlying claim of ineffective assistance of counsel leads us to conclude that he has not demonstrated that the issue is debatable among jurists of reason, that a court could resolve the issue differently or that the issue deserves encouragement to proceed further. The habeas court therefore did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.