## REGINALD REESE *v.* COMMISSIONER OF CORRECTION
### (AC 25772)

Gruendel, Harper and Foti, Js.

Argued February 8—officially released May 30, 2006

*Lisa J. Steele*, special public defender, for the appellant (petitioner).

*C. Robert Satti, Jr.*, senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Reginald Reese, appeals following the habeas court's denial of his petition for certification to appeal from the dismissal of his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly failed to issue writs of habeas corpus ad testificandum for three witnesses. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a (a). He then filed a direct appeal, and we affirmed the judgment of conviction. See *State* v. *Reese*, 77 Conn. App. 152, 822 A.2d 348, cert. denied, 265 Conn. 910, 831 A.2d 252 (2003). The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed ineffective assistance of counsel and actual

innocence. The habeas court rejected the petitioner's claims and then denied his petition for certification to appeal. On appeal, the petitioner claims that the court improperly denied his petition for certification to appeal because the court should have issued writs of habeas corpus ad testificandum for three incarcerated witnesses, Tyrone Allen, Desmond Hamilton and Carlton Martin. The petitioner argues that if the court had heard those witnesses' testimony, it might not have rejected his claims of ineffective assistance of counsel and actual innocence. We disagree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 423–24, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

Our review of the record and habeas transcript reveals that the court carefully considered the reasons

for the petitioner's request for writs of habeas corpus ad testificandum for Allen, Hamilton and Martin. The court declined to issue the writs because it determined that the testimony of those witnesses would be either not relevant to the petitioner's claims or merely cumulative of evidence already in the record. The petitioner has failed to persuade us otherwise. We conclude that the court's decision not to issue writs of habeas corpus ad testificandum for Allen, Hamilton and Martin is not an issue that is debatable among jurists of reason, capable of being resolved in a different manner or adequately deserving of encouragement to proceed further.[1] The court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

---

[1] The petitioner urges us to articulate a standard for courts to follow in deciding whether to grant a request for a writ of habeas corpus ad testificandum. The very few Connecticut authorities that mention the writ suggest that its grant or denial is a matter of the court's discretion. We will not second-guess the court's decision regarding a writ of habeas corpus ad testificandum unless the petitioner shows that the court abused its discretion. In *Faust* v. *Commissioner of Correction*, 85 Conn. App. 719, 720 n.1, 858 A.2d 853, cert. denied, 272 Conn. 909, 863 A.2d 701 (2004), for example, we did not disturb the court's decision not to issue writs of habeas corpus ad testificandum for certain witnesses because the absence of those witnesses' testimony at the habeas trial did not affect the outcome of the proceedings. In the present case, we likewise conclude that the testimony of Allen, Hamilton and Martin would not have affected the outcome of the petitioner's habeas trial.