GREGORY J. CORREA *v.* COMMISSIONER OF
CORRECTION
(AC 27439)

Bishop, Rogers and McDonald, Js.

Argued February 20—officially released June 5, 2007

*H. Owen Chace*, special public defender, for the appellant (petitioner).

*Melissa Streeto Brechlin*, assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gregory J. Correa, appeals from the denial of his petition for a writ of habeas corpus, in which he claimed that he was denied his right to effective assistance of counsel. We affirm the judgment of the habeas court.

The petitioner was charged with burglary in the third degree in violation of General Statutes § 53a-103 (a).

Through his attorney, only days before the trial commenced, he filed a motion to suppress evidence of the victim's gold cufflinks and Tiffany bag. The court denied the motion to suppress and the petitioner's request for an evidentiary hearing on the motion because the motion was not timely, and the petitioner was convicted. The conviction was affirmed on appeal where one issue was whether the court erred by denying a hearing on the motion to suppress. See *State* v. *Correa*, 57 Conn. App. 98, 105–106, 748 A.2d 307, cert. denied, 253 Conn. 908, 753 A.2d 941 (2000).

The habeas court denied the petition, concluding that the petitioner failed to demonstrate that trial counsel's performance in filing an untimely motion to suppress had caused him to suffer any prejudice. The court then certified the issue for this appeal.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 86 Conn. App. 392, 397, 861 A.2d 1191 (2004), cert. denied, 273 Conn. 903, 868 A.2d 744 (2005).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both

showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 424–25, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006). The habeas court, in this case, disposed of the petitioner's claim under the second prong.[1] "To satisfy the prejudice prong [of the *Strickland* analysis], a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 458, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). Thus, in this case, the petitioner must prove that if counsel had filed a timely motion to suppress, there would have been a reasonable probability that the motion would have been granted.

The habeas court heard evidence, which may be summarized as follows. On January 7, 1997, the home of Andrea Martin in Darien was burglarized, and jewelry was taken. A witness had seen an unfamiliar red car parked in the vicinity of the Martin home at the time of the burglary and recorded the license plate number. He gave this number to the police, who had come to Martin's home. Another witness also described to the

---

[1] "A court evaluating an ineffective assistance claim need not address both components of the *Strickland* test if the [claimant] makes an insufficient showing on one." (Internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 464, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). Because we find that the petitioner has not shown that trial counsel's performance prejudiced the defense, we will not address the first prong of the *Strickland* test.

police a man wearing a tan jacket and blue jeans in Martin's driveway that day.

The next day officers went to the address of the red vehicle's registered owner, Sharon Whitley of New Haven, and saw the vehicle there. After entering Whitley's apartment, they met the petitioner, who looked like the man seen in Martin's driveway. The petitioner admitted using the vehicle the day before and gave no reason to be in Darien that day. The officers then telephoned their lieutenant in Darien and secured the premises while a search warrant was prepared. When the petitioner later attempted to leave the apartment with laundry for cleaning, the officers instructed him not to remove anything from the premises. That laundry contained a pair of blue jeans, which matched the clothing of the man seen in Martin's driveway. When the lieutenant arrived with the search warrant, the officers searched the jeans. In the pocket they found a Tiffany[2] bag containing a pair of gold cufflinks and a small diamond ring. The search warrant authorized the seizure of a small diamond ring, and the petitioner's actions, attempting to leave with the jeans while the officers awaited the search warrant, led them to seize the Tiffany bag and the gold cufflinks, which were not listed in the search warrant. Martin later identified the cufflinks as her husband's and recognized the Tiffany bag as being like one taken in the burglary.

The habeas court found that the petitioner, a suspect in the burglary, was found with Whitley in an apartment shortly after the burglary. While in the apartment, he attempted to leave with some clothing while the police were obtaining a search warrant. He was told not to remove anything. The warrant issued allowed the police to search for stolen jewelry, and, in doing so, they recovered gold cufflinks and a Tiffany bag in the pocket

---

[2] We take judicial notice that Tiffany & Co. is the name of a very well-known jewelry store.

of the petitioner's pants, which he had attempted to remove. These items were admitted into evidence against the petitioner at his trial.

We conclude that the petitioner's argument that the cufflinks and Tiffany bag were unlawfully seized because they were outside the scope of the warrant would have failed because the items were in plain view. Our Supreme Court has held that the plain view doctrine "makes permissible, with certain limitations, the seizure of items found by the police while executing a warrant naming other objects." *State* v. *Onofrio*, 179 Conn. 23, 39, 425 A.2d 560 (1979). "The warrantless seizure of contraband that is in plain view is reasonable under the fourth amendment if two requirements are met: (1) the initial intrusion that enabled the police to view the items seized must have been lawful; and (2) the police must have had probable cause[3] to believe that these items were contraband or stolen goods." (Internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 520, 903 A.2d 169 (2006). To satisfy this exception, at the time of discovery of the evidence, it must be immediately apparent that it is contraband or stolen goods. See id. There must be probable cause to associate the property in plain view with criminal activity without further investigation. Id. "The required inquiry is whether the incriminatory nature of the items was immediately apparent so as to establish that the officers had reason to believe that the items were related to the crime that formed the basis of the warrant." *State* v. *Gagnon*, 18 Conn. App. 694, 711, 561 A.2d 129, cert. denied, 213 Conn. 805, 567 A.2d 835 (1989); see also *State* v. *Onofrio*, supra, 41.

---

[3] "Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred. . . . The probable cause determination is, simply, an analysis of probabilities." (Internal quotation marks omitted.) *State* v. *Eady*, 249 Conn. 431, 440, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999).

In this case, the search warrant put the police in a position to view lawfully the items seized. By the authorization in that warrant, the police were lawfully entitled to search the petitioner's residence for small items of jewelry. They discovered the cufflinks and the Tiffany bag pursuant to that lawful search in a location that was within the scope of the warrant, in the pocket of a pair of jeans found in the petitioner's premises and seen in his possession.

Once discovered, the police had probable cause to believe that these items were stolen even though they were not listed on the warrant. They were located in the pocket of a pair of jeans that the petitioner had attempted to remove from Whitley's apartment before the police could begin their search. The items were similar to the jewelry listed in the warrant and were found with a diamond ring that appeared to match an item to be seized under the warrant.[4] On the basis of these facts, the reasonable likelihood that these were stolen goods was also immediately apparent. Although the cufflinks and Tiffany bag were not contraband, as are narcotics; see *State* v. *Eady*, 249 Conn. 431, 441–42, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999); due to the circumstances in which they were found, no further investigation was necessary to conclude that they were reasonably related to the burglary, which was near the location at which Whitley's car was seen and about which the police inquired of the petitioner. Our Supreme Court in *Onofrio* held that a handgun holster not listed in the search warrant was properly seized because police had probable cause to believe it was reasonably related to the shooting that was the basis for the issuance of the

---

[4] It was later discovered that the diamond ring was not, in fact, the ring stolen from Martin's residence. At the time of the search, however, it was reasonable for the police to believe that the ring was the one described in the warrant.

warrant for a handgun. *State* v. *Onofrio*, supra, 179 Conn. 27. In the circumstances of the present case, the police had probable cause to believe, without further investigation, that the lawfully discovered cufflinks and Tiffany bag were stolen property on the basis of the petitioner's attempt to remove them and their similarity to the stolen items that were objects to be seized under the warrant.

We find that the motion to suppress would have been properly denied and the evidence properly admitted. The petitioner, therefore, has failed to demonstrate that there is a reasonable probability that, but for counsel's performance, the result of his trial would have been different.

The judgment is affirmed.