## DONALD MOODY *v.* COMMISSIONER OF CORRECTION
### (AC 27967)

Lavine, Robinson and Stoughton, Js.

Argued February 20—officially released May 27, 2008

*Peter Tsimbidaros*, for the appellant (petitioner).

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

STOUGHTON, J. The petitioner, Donald Moody, appeals following the denial of his petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus. He claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim that his trial counsel was ineffective. On the merits, the petitioner argues that his trial counsel, Avery Chapman, rendered ineffective assistance because he improperly failed (1) to present certain available evidence in the petitioner's defense, (2) to request a charge to the jury on the theory of defense of others and (3) to ensure that the jury was impartial. We do not agree with his claims and dismiss the appeal.

The petitioner was twice tried on charges of having committed murder in violation of General Statutes § 53a-54a (a) and assault in the first degree in violation of General Statutes § 53a-59 (a) arising out of a fatal shooting that occurred in New Haven on November 9, 1994. In the first trial, the jury, on October 2, 1999, returned a guilty verdict on a charge of carrying a pistol without a permit, but the members of the jury were unable to agree on the murder and assault charges and a mistrial was declared on those charges. After the second trial, the jury found the petitioner guilty on the murder and assault charges on December 18, 2000. He was subsequently sentenced and thereafter appealed from the judgment. He claimed, inter alia, that the trial court improperly refused to admit the full transcript of a statement made to the police by a defense witness and that the court failed to investigate adequately whether jurors had seen certain notes made by the prosecutor. The judgment was affirmed. *State* v. *Moody*, 77 Conn. App. 197, 822 A.2d 990, cert. denied, 264 Conn. 918, 827 A.2d 707, cert. denied, 540 U.S. 1058, 124 S. Ct. 831, 157 L. Ed. 2d 714 (2003).

The facts giving rise to the petitioner's conviction as set forth in *State* v. *Moody*, supra, 77 Conn. App. 197, are as follows: "On November 9, 1994, the victims, Marquis Clark and Frank Doughty, were walking with a third person near the intersection of George Street and Day Street in New Haven. The [petitioner] was behind the steering wheel of a car stopped at the traffic signal on Day Street. As the victims walked along the sidewalk on Day Street, they and the [petitioner] began shouting at each other. They had just walked past the rear of the [petitioner's] car when the [petitioner] aimed a handgun over his shoulder and fired eight to ten shots at them through the car's rear windshield. Doughty was shot in the thigh, but survived. Clark was shot in the hand and chest, and died of injuries to his heart and left lung. The third person walking with the victims returned the [petitioner's] gunfire, striking the [petitioner] in the left leg. . . . The [petitioner's] theory of defense at trial was that he had acted in self-defense when he shot Clark and Doughty." Id., 199–200. The petitioner called Larry Smith, who was with him in the car at the time of the shooting, as a witness.

In his amended petition for a writ of habeas corpus, the petitioner claimed, among other things, that Chapman, counsel in the second trial, had rendered ineffective assistance in that he had failed (1) to present available evidence in the petitioner's defense, (2) to request a charge to the jury on the theory of defense of others and (3) to ensure that the jury was impartial. After a trial, the habeas court determined that the petitioner had failed to prove either that his trial counsel's performance was deficient, or that he had been prejudiced, and dismissed the petition. Thereafter, the court denied the petition for certification to appeal. This appeal followed.

Our standard of review is well established. When a habeas court has denied a petition for certification to

appeal, the petitioner's first burden is to demonstrate that the court's ruling constituted an abuse of discretion. He may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason, that the court could resolve the issues differently or that the questions are adequate to deserve encouragement to proceed further. If the petitioner surmounts that hurdle, he must then demonstrate that the judgment of the habeas court should be reversed on its merits. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 564, 941 A.2d 248 (2008).

We examine the underlying claims of ineffective assistance of counsel to determine whether the court abused its discretion in denying certification to appeal. This court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether those facts as found constituted a violation of the constitutional right to effective assistance of counsel is plenary. *J.R.* v. *Commissioner of Correction*, 105 Conn. App. 827, 831, 941 A.2d 348, cert. denied, 286 Conn. 915, 945 A.2d 976 (2008). To prevail on a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Id., 832.

The first component requires that the petitioner show that counsel's performance fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential and indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, that the challenged action might be considered sound trial strategy, and that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id., 832–33. The second component requires that the petitioner show that there is a reasonable probability that, but for

the alleged unprofessional errors of counsel, the result of the criminal trial would have been different. Id., 833.

## I

The petitioner first claims that his trial counsel was ineffective because he failed to present certain evidence to the jury. Specifically, the petitioner argues that his counsel improperly failed to have a witness to the shooting, Robert Randall, testify and that he failed to offer into evidence three portions of a transcript of a statement provided by another witness, Smith, after the court had granted permission to admit those portions.

## A

The petitioner first argues that Chapman failed to call Randall, a witness who had been called by the state at the first trial. The habeas court found that Chapman had reviewed the transcript of the testimony given by Randall and had concluded that, if offered at the second trial, it might have been harmful to the defense. Randall had been in the area and heard several gunshots fired, but he did not know who had fired the gunshots because he had ducked down in his car to avoid danger. Randall additionally testified that, after the shooting seemed to have ended, he looked up and observed, among other things, one of the three individuals on the sidewalk begin to run. He noted that the petitioner's car began to proceed along the road and testified that the car appeared to be following the pedestrian, and that he thought he had just witnessed a drive-by shooting. We agree with the habeas court that the decision not to call Randall was a matter of sound trial strategy within the wide range of reasonable professional assistance.

## B

At the second trial, during cross-examination of the petitioner's witness, Smith, the state asked about inconsistencies between his testimony and a prior police

interview. *State* v. *Moody*, supra, 77 Conn. App. 201. When the petitioner's counsel sought to introduce the entire transcript of the interview, in an attempt to rehabilitate Smith's testimony, the court denied the motion but offered to permit the introduction of three sections.[1] Id., 202. The petitioner's counsel declined the limited offer, insisting that the admission of the entire transcript was necessary, and this court concluded, on direct appeal, that the trial court had not abused its discretion in declining to admit the full transcript. Id., 208.

At the habeas trial, the petitioner claimed that Chapman should have offered those portions of Smith's statement that the trial court had deemed admissible and that the failure to do so amounted to ineffective assistance. Chapman wanted to have the entire transcript admitted but believed that to offer those parts that the trial court offered to admit would undermine the self-defense claim. Those portions in addition would show that Smith was untruthful.[2] The habeas court found that Chapman had a reasonable basis for making the choice that he made and that this was a matter of reasonable trial strategy. We agree.

## II

The petitioner next claims that Chapman rendered ineffective assistance in that he failed to request a jury

---

[1] The text of the three portions of the transcript that the court deemed admissible may be found in *State* v. *Moody*, supra, 77 Conn. App. 202 n.3.

[2] The petitioner's argument on appeal relies primarily on the first portion of the transcript that was deemed admissible. The police had asked Smith whether he knew the petitioner's first name, to which Smith replied that he did not. At trial, it became evident that Smith did know the petitioner's first name at the time of the interview, and the state impeached Smith's testimony on this point. The petitioner, in his appellate brief, argues that the police did not ask Smith about the petitioner's first name, but rather asked if Smith knew the petitioner "by any other name," suggesting that they were asking for an alias. The petitioner, however, selectively quotes the transcript. The transcript records that the full question was: "Do you know the [petitioner] by any other name, *his first name* or street name?"

instruction on the defense of a third person and to take exception to an inadequate instruction on self-defense. The latter part of this claim, although briefed for this appeal in cursory fashion, was not raised in the habeas court, and we will not afford it consideration.

In each of his criminal trials, and in his statement to the police, the petitioner claimed that he acted in self-defense. At the habeas trial, he testified that he shot his weapon in self-defense and also to protect Smith. The court found that Chapman had reviewed the transcript of the testimony of the first trial and the materials obtained through discovery, and had discussed the case with the petitioner. On the basis of his research and review, Chapman had concluded that there was no factual predicate for a claim of defense of others. In addition, the court determined that the petitioner had never claimed at his criminal trial that he was protecting Smith and further found that the petitioner had engaged in conduct that put Smith in danger. The court properly determined that there was no evidentiary basis on which to claim a defense of others instruction, and, therefore, Chapman's performance was not deficient for not requesting it.

### III

Finally, the petitioner argues that Chapman rendered ineffective assistance in failing to take measures to ensure an impartial jury and that the trial court, similarly, failed to ensure an impartial jury. This claim was at least partially resolved on direct appeal. The jurors were given a transcript of a taped statement made by the petitioner. This occurred first when the police officer who took the statement testified. It occurred again during cross-examination of the petitioner. The petitioner claimed on appeal that the court failed to investigate adequately whether jurors saw certain notes made

(Emphasis added; internal quotation marks omitted.) *State* v. *Moody*, supra, 77 Conn. App. 203 n.3.

by the prosecution that were inadvertently given to an alternate juror during the cross-examination of the petitioner. When the mistake was discovered, the court questioned the alternate juror, and she stated that she could set aside anything she had read. The court instructed the entire jury not to discuss the markings. Later, after the petitioner had moved for a mistrial, the court asked the jurors whether any other juror had received a transcript with extraneous writings and whether the alternate juror had discussed the writing with any other juror. None of the jurors indicated that they had received a transcript with extraneous markings, and all responded that the alternate juror had not discussed the writings. The petitioner argued that the court improperly failed to ascertain whether any jurors had seen the writings on the transcript when it was first distributed. On direct appeal, this court concluded that the court's question was broad enough to encompass both occasions and that the court did not abuse its discretion by not asking about a specific date. *State v. Moody*, supra, 77 Conn. App. 225. We also refused to consider a claim that the court had failed to ask each juror individually whether he or she had seen the transcript with the notes because that claim had not been raised in the trial court. Id.

The petitioner claims that Chapman should have sought permission to question each of the jurors individually and that his failure to do so rendered his assistance ineffective. As the habeas court referenced in its decision, Chapman requested that the court excuse the alternate juror immediately upon learning that she had read the extraneous writing or, in the alternative, that the court instruct the jurors not to discuss the writing. The court agreed with Chapman's second request. After the close of evidence, Chapman orally requested a mistrial on December 15, 2000, on the basis of the alternate

juror's exposure to the extraneous comments. He subsequently filed a motion for a mistrial on December 18, 2000, on the same ground and, additionally, on the ground that it was not clear whether any other juror had received a copy of the transcript containing the extraneous writing. In response, the court asked the jurors whether any of them had seen the extraneous writing or whether they had discussed the writing with the alternate juror, who, by that time, had been dismissed and would not participate in the jury deliberation. Chapman then stated that he did not believe that the canvass was sufficient. The court determined that the canvass was sufficient and denied the motion for a mistrial. See *State* v. *Moody,* supra, 77 Conn. App. 222–23. We agree with the habeas court that Chapman was not ineffective for refraining from pursuing the matter further.

The court concluded that the petitioner had failed to prove either deficient performance or prejudice as a result of any alleged deficiencies and that there were no issues warranting appellate review. We find no abuse in discretion in the court's rulings. None of the issues raised is debatable among jurists of reason, could be resolved differently or is adequate to deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.