EMISAEL VASQUEZ *v.* COMMISSIONER OF CORRECTION
(AC 28556)

Flynn, C. J., and Lavine and Pellegrino, Js.

Argued September 17—officially released November 18, 2008

*Jodi Zils Gagne*, special public defender, for the appellant (petitioner).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Emisael Vasquez, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded

that he was not denied the effective assistance of trial counsel.[1] We affirm the judgment of the habeas court.

The petitioner was convicted of assault in the first degree and violation of probation for stabbing Bobby Johnson during a dice game on July 17, 1999. Johnson claimed that the petitioner was the aggressor, and the petitioner claimed that he acted in self-defense. The petitioner was sentenced to twenty-four years in prison. His conviction was upheld by this court in *State* v. *Vasquez*, 80 Conn. App. 907, 838 A.2d 259 (2003), cert. denied, 267 Conn. 917, 841 A.2d 1190 (2004). In his amended petition for a writ of habeas corpus, the petitioner alleged in relevant part that his trial counsel "did not present available information to impeach prosecution witnesses." At trial, the petitioner claimed that trial counsel rendered ineffective assistance by failing to examine Johnson's treating physician, Joseph Dineen, with respect to Johnson's ability to recall facts following the stabbing. Dineen was called to testify at the habeas trial with respect to that issue.[2]

Following the habeas trial, the court found that Johnson's most relevant testimony at the criminal trial concerned what had transpired during the dice game that

---

[1] In his statement of the issue in his appellate brief, the petitioner claims that trial counsel failed to impeach the victim, Bobby Johnson. That specific claim is not alleged in the amended petition for a writ of habeas corpus, and the court did not address it. This court does not address claims that were not raised at trial or decided by the habeas court. We therefore decline to review this claim. See *Moody* v. *Commissioner of Correction*, 108 Conn. App. 96, 103, 946 A.2d 1268, cert. denied, 288 Conn. 906, 953 A.2d 649 (2008).

[2] According to Dineen, Johnson was driven by an unknown person to St. Mary's Hospital in Waterbury. As Johnson walked unattended into the emergency room, he fell and struck his head on the pavement. Johnson had low blood pressure, indicating a diminished flow of blood to his brain. Blood was flowing from Johnson's ears, indicating intracranial pressure caused by head trauma. Johnson's more severe injury, however, was a laceration to the right ventricle of his heart. According to Dineen, anterograde and retrograde amnesia could result from head trauma or trauma to other parts of the body that cause loss of blood and blood flow to the brain, and from anesthesia and pain relieving medication. Such memory loss is temporary, and postdischarge, a patient's memory would improve.

led to the stabbing. In that regard, the court found specifically that Johnson's "testimony is clear. It is concise. It is internally consistent, and there is no indication of any amnesia . . . ." Johnson's testimony of what happened following the stabbing, when he was in the hospital, however, was vague. Dineen testified at the habeas trial that Johnson could have suffered some sort of amnesia, but Dineen did not testify that amnesia was a certainty. According to Dineen, Johnson suffered some sort of temporary memory loss that improved after his discharge and that was a typical course of recovery. The court concluded that trial counsel's examination of Dineen arguably was deficient but that the petitioner failed to demonstrate that had trial counsel examined Dineen with regard to Johnson's alleged memory loss, the outcome of the criminal trial would have been different, because the answer to that question would amount to speculation.

"Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by [an appellate] court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 576, 941 A.2d 248 (2008).

"To determine whether the petitioner has demonstrated that counsel's performance was ineffective, we apply the two part test established in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Claims of ineffective assistance during a criminal proceeding must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different

had it not been for the deficient performance." (Emphasis in original; internal quotation marks omitted.) *Jarrett* v. *Commissioner of Correction*, 108 Conn. App. 59, 70, 947 A.2d 395, cert. denied, 288 Conn. 910, 953 A.2d 653 (2008). "A reasonable probability is one which is sufficient to undermine confidence in the result." *Ruffin* v. *Commissioner of Correction*, 106 Conn. App. 396, 399, 943 A.2d 1105, cert. denied, 286 Conn. 922, 949 A.2d 481 (2008).

On the basis of our review of the evidence presented at the habeas trial, particularly Dineen's testimony, we agree with the court that there is no reasonable probability that the outcome of the criminal trial would have been different had trial counsel examined Dineen with regard to Johnson's ability to remember the incident and his hospitalization. To conclude that the outcome would have been different would amount to speculation. The transcript reveals that at the habeas trial, the petitioner's counsel asked Dineen whether it was more likely than not that Johnson "would have suffered some memory issues or amnesia." Dineen responded: "I believe that because of the low [blood] pressure when he first entered the emergency room [with a reading of] sixty, because of the head injury and because of the medication he received postoperatively, that it's more likely than not to a reasonable degree of medical certainty that [he was] amnesic for the events of the injury and his care."[3] The question posed to Dineen, however, was not limited to any specific period of time, particularly his opinion of Johnson's ability to remember the underlying incident at the time of the petitioner's criminal trial. Moreover, during the habeas trial, Dineen testified on cross-examination that Johnson's amnesia

---

[3] The medical definition or meaning of amnesia, its implications and whether memory loss was permanent or transient were not entered into evidence.

"eventually improved after discharge." Of key importance is the habeas court's finding that Johnson's trial testimony about the dice game and stabbing was clear and concise. Johnson's vague testimony about his hospitalization was unrelated to the crimes with which the petitioner had been charged.[4] For that reason, we conclude that the court properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] During the criminal trial, the petitioner claimed that he had stabbed Johnson in self-defense. Johnson testified that the petitioner was the aggressor. The issue for the jury therefore was one of credibility. Appellate courts do not second-guess the trier of fact with respect to credibility. See *Mitchell* v. *Commissioner of Correction*, 109 Conn. App. 758, 763, 953 A.2d 685 (2008). As the habeas court noted, Johnson's ability to recall his hospitalization was not at issue; the issue was how and why he was stabbed. Members of the jury are permitted to rely on their life experience; common sense is not left at the courthouse door. See *State* v. *Brown*, 273 Conn. 330, 343, 869 A.2d 1224 (2005).

Given Dineen's testimony as to the seriousness of Johnson's injuries, the medical treatment Johnson received and the pain relievers administered to him; see footnote 2; members of the jury may have understood full well why Johnson's testimony about his hospital treatment was vague. Moreover, with respect to credibility, there was evidence before the jury that the petitioner had numerous felony convictions.