TIMOTHY ROBINSON v. COMMISSIONER OF
CORRECTION
(AC 29281)

Gruendel, Robinson and Pellegrino, Js.

Argued October 22, 2008—officially released January 27, 2009

*Joseph Visone*, special public defender, for the appellant (petitioner).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. The petitioner, Timothy Robinson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his third amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim that his trial counsel provided ineffective assistance. We dismiss the petitioner's appeal.

The facts giving rise to this case are set forth in *State* v. *Robinson*, 81 Conn. App. 26, 838 A.2d 243, cert. denied, 268 Conn. 921, 846 A.2d 882 (2004). "On September 19, 1999, the complainant, J, and a friend went to a pool hall in New Haven, where J saw the [petitioner], with whom she was acquainted. Upon learning that J did not have a way to get home, the [petitioner] offered her a ride, which she accepted. J

told the [petitioner] that she wanted to return home. The [petitioner] responded that it was his birthday and that he wanted to 'go out and do something.' She again told the [petitioner] that she wanted go home. Instead, he drove onto Route 34 and eventually arrived at Peck Place School in Orange. J demanded that the [petitioner] take her home, threatening to walk if he did not comply. The [petitioner], however, again refused, and J exited the car. The [petitioner] then persuaded her to get back into the vehicle by promising to take her home.

"The [petitioner] turned off the ignition. J again attempted to exit the car, whereupon the [petitioner] put his arms around her to prevent her from leaving. Although initially she was able to leave the car, the [petitioner] then blocked her path. J ran away, and the [petitioner] chased her, dove at her feet and then dragged her back to his vehicle. She again managed to free herself and ran toward a nearby home owned by Stanley Cohen. Cohen opened the door and called the police upon hearing J banging on his door and screaming that 'he's going to kill me.'

"Officer Jude Fedorchuck of the Orange police department responded to the call. While he was speaking with J outside the Cohen home, the [petitioner] drove by the residence. J identified the [petitioner] as her attacker, and Officer Michael Morin of the Orange police department placed the [petitioner] under arrest." Id., 28–29.

After a jury trial, the petitioner was convicted of kidnapping in the second degree in violation of General Statutes § 53a-94 and unlawful restraint in the first degree in violation of General Statutes § 53a-95, and was acquitted of attempt to commit sexual assault in the first degree. The court sentenced the petitioner to twenty years incarceration, suspended after thirteen years, plus seven years special parole. The petitioner

filed a direct appeal from that judgment, which was affirmed by this court. Id., 28. On August 13, 2004, the petitioner filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel, and filed a third amended petition on June 2, 2006.[1] The habeas court conducted a trial on the third amended petition and on September 14, 2007, issued a memorandum of decision denying the petition, finding that there was no deficient performance on the part of trial counsel or any prejudice to the petitioner. The court then denied the petition for certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the petitioner challenges the denial of his petition for certification to appeal, as well as the judgment denying his third amended petition for a writ of habeas corpus. Our standard of review is well settled. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim

---

[1] The petitioner's first petition for a writ of habeas corpus included two additional claims: ineffective assistance of appellate counsel and actual innocence. His second amended petition, however, included just the additional claim of ineffective assistance of appellate counsel. The court, in its memorandum of decision, noted that the petitioner did not introduce any evidence as to the claim of ineffective assistance of appellate counsel and, therefore, that claim was deemed to be abandoned.

involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal." (Internal quotation marks omitted.) *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740–41, 936 A.2d 653 (2007), cert. denied, 286 Conn. 905, 944 A.2d 978 (2008).

In the present matter, the petitioner claims that his trial counsel was ineffective for failing (1) to locate Sharese Pelkey-Clark, a friend of the complainant, so she could testify at trial, and (2) to call as a witness Officer Robert J. Losty of the New Haven police department. The petitioner claims that these witnesses could have been used to impeach the complainant's testimony that she was not a prostitute who exchanged sex for drugs. The petitioner argues before this court, as he did before the habeas court, that the failure to call witnesses to impeach the credibility of the complainant brings this case squarely within the holding of *State* v. *DeJesus*, 270 Conn. 826, 856 A.2d 345 (2004), in which evidence of a victim's prior history of prostitution was held admissible.

In *DeJesus*, the defendant was convicted of sexual assault in the first degree and kidnapping in the first degree. The trial court held that evidence of the complainant's history of prostitution was not admissible pursuant to General Statutes § 54-86f, also known as the "rape-shield law." The defendant, on appeal, argued that the evidence of prostitution was relevant to whether the complainant consented to the sexual intercourse and, therefore, should have been admissible under § 54-86f (4). Our Supreme Court agreed and, because the state's case relied on the credibility of the

complainant, held that the evidence of the complainant's history of prostitution was admissible under § 54-86f (4), as it was relevant and material to a critical issue in the case, specifically, whether the sexual intercourse was consensual. Id., 837, 842.

In the present matter, the petitioner argues that just as in *DeJesus*, the complainant's testimony was the sine qua non of the state's case, and, therefore, her alleged history of prostitution should have been admissible to impeach her credibility. The petitioner argues that his trial counsel was deficient by not introducing such evidence, which then prejudiced the petitioner, as the jury was unable to determine that the complainant went willingly with the petitioner and that her testimony as to the kidnapping and unlawful restraint charges was patently false. The petitioner argues that had the complainant's testimony been impeached with the evidence of her alleged history of prostitution, the jury would not have found the petitioner guilty on the remaining two charges.

Our standard of review of a habeas court's judgment on a claim of ineffective assistance of counsel is well settled. "Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by [an appellate] court unfettered by the clearly erroneous standard. . . . To determine whether the petitioner has demonstrated that counsel's performance was ineffective, we apply the two part test established in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Claims of ineffective assistance during a criminal proceeding must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was

a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . A reasonable probability is one which is sufficient to undermine confidence in the result." (Citations omitted; internal quotation marks omitted.) *Vasquez* v. *Commissioner of Correction*, 111 Conn. App. 282, 285–86, 959 A.2d 10, cert. denied, 289 Conn. 958, 961 A.2d 424 (2008). Given this standard, we turn to the petitioner's specific claims.

I

The petitioner first claims that his trial counsel was ineffective for failing to call Pelkey-Clark at trial. Trial counsel testified at the habeas proceeding that he did hire an investigator to locate Pelkey-Clark but that he was unable to find her. Habeas counsel, however, was able to locate her, and she testified at the habeas proceeding that she was a friend of the complainant's and knew her well. She further testified that she had observed the complainant on two occasions exchange a sexual favor for drugs and that she knew the complainant was a prostitute. The petitioner argues that if trial counsel had introduced Pelkey-Clark's testimony to impeach the credibility of the complainant, the jury would then have discredited the complainant's entire testimony that she was kidnapped and restrained against her will. We disagree.

Our Supreme Court has stated that "in the context of a claim for ineffective assistance of counsel, [t]he failure of defense counsel to call a potential defense witness does not constitute ineffective assistance unless there is some showing that the testimony would have been helpful in establishing the asserted defense." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 64, 951 A.2d 520 (2008). The complainant's alleged history of prostitution would be helpful to the petitioner only in establishing a defense of consent to the charge of attempt

to commit sexual assault. See *State* v. *DeJesus*, supra, 270 Conn. 837 (victim's prior arrest for prostitution would have been relevant to issue of consent); *Demers* v. *State*, 209 Conn. 143, 159, 547 A.2d 28 (1988) (evidence of prostitution can be admissible when consent is defense to sexual acts). The jury, however, found the petitioner not guilty on that charge.

The petitioner has not shown that the prostitution evidence was relevant as a defense to the charges of kidnapping or unlawful restraint but, rather, argues that the evidence should have been admissible to impeach the credibility of the complainant. The jury, however, already weighed the credibility of the complainant and found the petitioner not guilty on the attempt to commit sexual assault charge while finding him guilty as to the two remaining charges. "[B]ecause the jury has the occasion to scrutinize the behavior, deportment and attitude of the witnesses and to measure their credibility, [i]t is axiomatic that evidentiary inconsistencies are for the jury to resolve, and it is within the province of the jury to believe all or only part of a witness' testimony. . . . [T]he jury is the final arbiter as to the credibility of any witness." (Citation omitted; internal quotation marks omitted.) *State* v. *Fleming*, 111 Conn. App. 337, 345, 958 A.2d 1271 (2008), cert. denied, 290 Conn. 903, 962 A.2d 794 (2009).

Moreover, this court has previously held that there was ample evidence presented to support the jury's verdict on the charges of kidnapping and unlawful restraint. *State* v. *Robinson*, supra, 81 Conn. App. 34. As the prostitution evidence was relevant as a defense only to the charge of attempt to commit sexual assault, of which the petitioner was acquitted, the petitioner has failed to demonstrate that his trial counsel's performance was deficient for failing to call Pelkey-Clarke as a witness. Accordingly, the petitioner has failed to make a substantial showing that a reasonable probability

existed that, but for counsel's ineffective representation, the outcome would have been different. We conclude, therefore, that the court did not abuse its discretion in finding that there was no deficient performance on the part of trial counsel or any prejudice to the petitioner on this issue.

## II

We next address the petitioner's claim that his trial counsel was ineffective in that he should have called Losty, who would have testified, as he testified at the habeas proceeding, that the complainant was a well-known prostitute and that he had arrested her for prostitution after the incident that gave rise to this case. At the habeas trial, Losty testified that he had observed the complainant out late at night with known prostitutes and that he arrested her for prostitution on March 3, 2000.

"[Trial] counsel will be deemed ineffective only when it is shown that a defendant has informed his attorney of the existence of the witness and that the attorney, without a reasonable investigation and without adequate explanation, failed to call the witness at trial. The reasonableness of an investigation must be evaluated not through hindsight but from the perspective of the attorney when he was conducting it." *State* v. *Talton*, 197 Conn. 280, 297–98, 497 A.2d 35 (1985). The incident for which Losty arrested the complainant for prostitution occurred after the incident in this matter but before the petitioner's criminal trial and was reduced by a substitute information to a breach of the peace. Further, as the habeas court stated in its memorandum of decision, the complainant had no record of any criminal convictions for prostitution as of the date of the habeas trial. As a reasonable investigation would not have turned up a conviction for prostitution at the time of the petitioner's criminal trial, the petitioner, therefore,

has failed to demonstrate that his trial counsel's performance was deficient for failing to call Losty as a witness. In any event, even if trial counsel had known of Losty and called him to testify, his testimony would not have been relevant to the issues of kidnapping and unlawful restraint and would not have changed the final result of this case. See *State* v. *DeJesus*, supra, 270 Conn. 838; *Demers* v. *State*, supra, 209 Conn. 159. Accordingly, the petitioner has failed to make a substantial showing that a reasonable probability existed that, but for counsel's ineffective representation, the outcome would have been different. We conclude, therefore, that the court did not abuse its discretion in finding that there was no deficient performance on the part of trial counsel or any prejudice to the petitioner.

III

Last, we address the petitioner's misplaced reliance on *State* v. *DeJesus*, supra, 270 Conn. 826. As the court found, and we agree, the present case differs from *DeJesus* is several aspects. Although in both cases the defendants were charged with similar crimes, in *DeJesus* the jury found the defendant guilty of sexual assault. The evidence kept out in *DeJesus*, which was similar to the evidence that the petitioner claims should have been introduced at his trial, would have been relevant solely to the issue of consent as to the charge of attempt to commit sexual assault, of which the petitioner was not convicted. See *State* v. *DeJesus*, supra, 845; *Demers* v. *State*, supra, 209 Conn. 159. The petitioner argues that if the complainant's credibility had been attacked, then the jury may not have found him guilty on the counts of kidnapping and unlawful restraint.

As previously stated, it appears that the complainant's credibility was challenged, as the jury did not believe the evidence on the attempt to commit sexual

assault charge but nonetheless believed the evidence relative to the other charges. Further, unlike the situation in *DeJesus*, in the present matter the state had a strong case, especially the testimony of Cohen, who testified that the complainant came to his house on the evening of the incident, banging on his glass door and yelling, "he's going to kill me," and that she was "beyond frightened. She was shaking." Also, the petitioner testified that once the complainant ran from his car, he "caught up to her from behind . . . grabbed her in a bear hug and . . . picked her up. . . . [S]he's kicking and struggling . . . [w]e both fell to the ground. As I fell to the ground, she broke free and ran away." As the state's case did not depend solely on the complainant's credibility and was strengthened by additional evidence, the admission of evidence as to the complainant's alleged history of prostitution would not have changed the outcome of the case. The petitioner was acquitted of the charge of attempt to commit sexual assault, to which the alleged prostitution evidence would have been relevant and material, and there was additional evidence supporting the charges of kidnapping and unlawful restraint. *State* v. *Robinson*, supra, 81 Conn. App. 34. The result would not have been different.

In light of the foregoing conclusions, the petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for certification to appeal are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. Thus, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.