STEVEN NECAISE *v.* COMMISSIONER OF
CORRECTION
(AC 29285)

Bishop, Harper and Dupont, Js.

---

818

Argued December 10, 2008—officially released March 3, 2009

*Martha Hansen*, special public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DUPONT, J. The petitioner, Steven Necaise, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. Following the denial, the court granted the petition for certification to appeal to this court. On appeal, the petitioner claims that the court improperly concluded that he failed to produce sufficient evidence in support of his claims that he was deprived of effective assistance of counsel. We affirm the judgment of the habeas court.

The facts that provide the background for the petitioner's appeal are restated from this court's prior decision in *State* v. *Necaise*, 97 Conn. App. 214, 216–17, 904

A.2d 245, cert. denied, 280 Conn. 942, 912 A.2d 478 (2006). "On September 14, 2001, at approximately 6:30 p.m., the victim, Samuel Rosa, was driving in the right lane of State Street Extension in Bridgeport and stopped at the intersection with Dewey Street. While the victim's vehicle was stopped at the intersection, the [petitioner] drove his white Lexus next to the victim's vehicle in the left lane of State Street Extension. As the victim began to turn right onto Dewey Street, the [petitioner] also turned right onto Dewey Street, thereby cutting in front of the victim and blocking his way. Both cars then came to a stop, and the two men exited their vehicles. The two men began to argue and engaged in a physical altercation. At one point, the two men separated, and the victim turned his back to the [petitioner], who then struck him from behind. The two men then resumed fighting, and the [petitioner] pulled a knife from his back pocket and slashed the victim across the face. After slashing the victim, the [petitioner] returned to his vehicle and fled the scene.

"Following an investigation by the Bridgeport police department, the state charged the [petitioner] in a substitute information with assault in the first degree in violation of [General Statutes] § 53a-59 (a) (1). On April 24, 2003, the jury found the [petitioner] guilty of this offense. On the basis of this incident, the [petitioner] also was charged with two counts of violation of probation in contravention of [General Statutes] § 53a-32. On April 30, 2003, the court found that the [petitioner] had violated the conditions of his probation and revoked both probations. On July 16, 2003, the court imposed on the [petitioner] a total effective sentence of twenty years incarceration followed by five years of special parole."

On November 6, 2006, the petitioner filed an amended habeas corpus petition, alleging that his trial counsel

provided ineffective assistance on the basis of the following four omissions: (1) failure to pursue discovery properly as to the identification of the petitioner; (2) failure to protect the petitioner's right to a fair trial by not informing the court that the petitioner heard two jurors discussing the case prior to deliberations; (3) failure to pursue discovery adequately as to the criminal record of the victim for impeachment purposes and (4) failure to file a motion to suppress the identifications of the petitioner made by the victim. The court denied the petition on the ground that the petitioner had failed to produce sufficient evidence in support of his claims at his hearing. On appeal, the petitioner claims that he set forth sufficient evidence that his trial counsel's representation was deficient in (1) failing to file a motion to suppress the identifications of the petitioner[1] and (2) failing to address the issue of possible juror misconduct with the trial court.[2]

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . .

---

[1] The court treated the petitioner's first and fourth claims as one, due to the fact that they both concerned the two identifications of the petitioner made by the victim. Thus, this claim embodies the petitioner's first and fourth claims to the court.

[2] In this appeal, the petitioner makes no claim as to the court's ruling that he failed to provide sufficient evidence to support his claim that his trial counsel's representation was deficient in failing to pursue discovery as to the criminal record of the victim for impeachment purposes.

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . .

"The first part of the *Strickland* analysis requires the petitioner to establish that . . . counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

"Turning to the prejudice component of the *Strickland* test, [i]t is not enough for the [petitioner] to show that the errors [made by counsel] had some conceivable effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Citations omitted; internal quotation marks omitted.) *Andrades* v. *Commissioner of Correction*, 108 Conn. App. 509, 511–12, 948 A.2d 365, cert. denied, 289 Conn. 906, 957 A.2d 868 (2008). With these principles in mind, we address in turn the petitioner's claims.

## I

The petitioner's first claim is that the court improperly concluded that he failed to present sufficient evidence to support his claim that his trial counsel's representation was deficient in that counsel failed to file a motion to suppress the identifications of the petitioner made by the victim. We disagree.

The following additional facts are relevant to the petitioner's claim and are restated from *State v. Necaise,* supra, 97 Conn. App. 214. "The victim made two out-of-court identifications of the [petitioner]. The first identification was made on September 14, 2001, shortly after the incident occurred. That night, Juan R. Gonzalez, a detective with the Bridgeport police department, went to the hospital where the victim was being treated. Gonzalez testified that he showed the victim a photograph of the [petitioner], and the victim identified the [petitioner] as the person who had been involved in the incident. At that time, Gonzalez was unable to take a statement from the victim because he was being prepared for surgery and already had been administered a sedative. The victim, however, testified that he had no recollection of being shown any photographs on the night of the incident.

"The second identification was made on October 9, 2001. At that time, Gonzalez interviewed the victim, who gave him a description of his assailant. Gonzalez then showed the victim an eight person photographic array. From this array, the victim identified the [petitioner] as the assailant. On October 16, 2001, Gonzalez again interviewed the victim, who affirmed his identification from the photographic array and stated that he recognized the [petitioner] as the person who assaulted him." Id., 218.

The petitioner argues that the first prong of *Strickland* is satisfied because a reasonable attorney would

have moved to suppress the identifications, as the theory of defense was misidentification.[3] The respondent, the commissioner of correction, counters that the theory of the petitioner's defense was actually self-defense, and, therefore, it would have been entirely frivolous for an attorney to move to suppress the identifications. At the petitioner's habeas hearing, his trial counsel stated on direct examination that the theory of defense was self-defense but on cross-examination stated that he pursued the theory of misidentification. In our decision in *State* v. *Necaise*, supra, 97 Conn. App. 226 n.10, we stated that "[t]he crux of the [petitioner's] case was that he was not the assailant," i.e., misidentification. Thus, there is some confusion as to this issue. Nevertheless, even if this court assumes that the failure to file a motion to suppress was deficient performance, in satisfaction of the first prong of *Strickland*, the petitioner fails to satisfy the prejudice prong of *Strickland* because he did not provide proof at his habeas trial that such a motion had any chance, much less a reasonable probability, of success.[4]

At his habeas proceeding, the petitioner testified that he asked his trial counsel to file a motion to suppress the identifications made by the victim because he thought the procedures were suggestive and the victim did not make a positive identification, but counsel refused to do so stating that "he didn't need it." The

---

[3] At oral argument, the petitioner stated that the theory of his defense was self-defense, not misidentification. Because the petitioner adamantly argued in his brief that the theory was misidentification, we will assume that the petitioner misspoke at oral argument.

[4] "Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . Accordingly, a court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." (Internal quotation marks omitted.) *Parrott* v. *Commissioner of Correction*, 107 Conn. App. 234, 237, 944 A.2d 437, cert. denied, 288 Conn. 912, 954 A.2d 184 (2008).

petitioner, however, produced no evidence as to how the identification procedures used by the police were unnecessarily suggestive and unreliable. Because no evidence was produced as to the suggestiveness or unreliability of the identification procedures, there was no evidence that had his trial counsel filed a motion to suppress the identifications, it would have been granted by the trial court.[5] As there was no evidence as to whether the motion to suppress would have been successful, the petitioner has failed to show that there is a reasonable probability that the alleged deficiency affected the outcome of his case. The petitioner has not met his burden of proof with respect to the prejudice prong of the *Strickland* test. Therefore, his first claim of ineffective assistance of counsel fails.

## II

The petitioner's second claim is that the court improperly concluded that he failed to present sufficient evidence to show that his trial counsel's representation was deficient in that counsel failed to address potential juror misconduct with the trial court. We disagree.

At the habeas proceeding, the petitioner testified that at his trial, during a recess prior to deliberation, he was seated near the jury room and heard three female jurors say that "if he knew how to fight, [he] wouldn't be in the position . . . [he] is now." The petitioner further stated that he shared this information with his trial counsel, who told him that "he did not want to inflame the jury" and so he would not bring it to the court's attention. His trial counsel, however, testified at the

[5] "To succeed on [a] motion to suppress, the defendant must prove (1) that the identification procedures were unnecessarily suggestive, and (2) that the resulting identification was not reliable in the totality of the circumstances." (Internal quotation marks omitted.) *State* v. *Rivera*, 74 Conn. App. 129, 144, 810 A.2d 824 (2002).

habeas proceeding that he had no "independent recollection" of this event, but if a client had informed him about potential juror misconduct and he "thought it was of some significance to the integrity of the trial, [he] would have brought it to the attention of the [c]ourt and the state." His trial counsel also testified that in his career as a defense attorney, he has been faced with many incidents of juror misconduct, which he has reported, and at least one ended in a mistrial, "[b]ut [he did not] have any recollection in this case that there was some aberration or something of any significance [occurring]." Trial counsel concluded that if something of significance had occurred, he would have utilized it to cause a mistrial and would currently remember it.

The court found counsel's testimony to be more credible and, on this basis, stated that the petitioner had "failed to meet his burden of proof . . . for he has neither shown the requisite deficient performance and how he was prejudiced. The court's confidence in the outcome of the criminal trial has in no way been undermined." The petitioner argues that the court's failure to credit his testimony is clearly erroneous and that had the court properly credited his testimony, it would have had sufficient evidence to arrive at the conclusion that his trial counsel's representation was ineffective in failing to address potential juror misconduct with the trial court.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to

their testimony." (Internal quotation marks omitted.) *Douros* v. *Commissioner of Correction*, 111 Conn. App. 525, 528–29, 959 A.2d 1041 (2008). "Appellate courts do not second-guess the trier of fact with respect to credibility." *Vasquez* v. *Commissioner of Correction*, 111 Conn. App. 282, 287 n.4, 959 A.2d 10, cert. denied, 289 Conn. 958, 961 A.2d 424 (2008). Accordingly, we will not disturb the habeas court's determination that the petitioner was not a credible witness. Because the only evidence produced in support of the petitioner's claim was his discredited testimony, the petitioner has not met his burden of proof with respect to either prong of the *Strickland* test; therefore, his second claim of ineffective assistance of counsel fails as well.

The judgment is affirmed.

In this opinion the other judges concurred.