******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DONALD MOODY *v.* COMMISSIONER
OF CORRECTION
(AC 36202)

Sheldon, Prescott and Flynn, Js.

*Argued January 7—officially released March 31, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Kwak, J.)

*Mary H. Trainer*, assigned counsel, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Adrienne Maciulewski*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. A trial judge cannot be said to have abused his discretion when he was never on notice that he was being asked to exercise it. The petitioner, Donald Moody, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court, *Kwak, J.*, abused its discretion in denying his petition for certification to appeal. The petitioner also claims that the court, *Newson, J.*, improperly dismissed his habeas claim that his counsel for his first habeas petition was ineffective for failing to raise the claim that his trial attorney was ineffective for failing to request jury instructions on lesser included offenses. The claim of ineffective habeas counsel dismissed by Judge Newson was not listed on the petition for certification as one of the petitioner's reasons for requesting certification to appeal. None of the reasons for requesting certification that were listed concerning Judge Kwak's decision have been briefed. We conclude that, because the petitioner's appeal centers on a claim that was not included in his petition for certification, he has failed to demonstrate that the court abused its discretion by improperly denying the petition. Accordingly, we dismiss the appeal.

The following facts and procedural history are relevant to our review of the petitioner's claims. The petitioner was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a (a) and assault in the first degree in violation of General Statutes § 53a-59 (a) (5). The petitioner appealed and this court affirmed the judgment of conviction. *State* v. *Moody*, 77 Conn. App. 197, 199, 822 A.2d 990, cert. denied, 264 Conn. 918, 827 A.2d 707, cert. denied, 540 U.S. 1058, 124 S. Ct. 831, 157 L. Ed. 2d 714 (2003). The petitioner then filed a petition for a writ of habeas corpus. The habeas court, *White, J.*, dismissed the petition and this court dismissed the appeal. *Moody* v. *Commissioner of Correction*, 108 Conn. App. 96, 98, 946 A.2d 1268, cert. denied, 288 Conn. 906, 953 A.2d 649 (2008). Thereafter, the petitioner filed a second petition for a writ of habeas corpus. The habeas court, *Fuger, J.*, denied the petition and this court affirmed the judgment. *Moody* v. *Commissioner of Correction*, 127 Conn. App. 293, 295, 14 A.3d 408, cert. denied, 300 Conn. 943, 17 A.3d 478 (2011).

On October 8, 2009, the petitioner filed a third petition for a writ of habeas corpus, which is the subject of this appeal. On January 6, 2012, the petitioner filed an amended petition and raised various ineffective assistance of counsel claims against David Moreshead, his counsel for his first habeas petition. In paragraph 6a of the amended petition, the petitioner alleged that Moreshead was ineffective for failing to raise and litigate the claim that the petitioner's trial counsel was

ineffective for failing to request jury instructions on the lesser included offenses of manslaughter in the second degree and criminally negligent homicide.

On March 26, 2012, the respondent, the Commissioner of Correction, filed a motion to dismiss the petitioner's amended petition. The habeas court, *Newson, J.*, held a hearing on the respondent's motion on April 12, 2012. In a memorandum of decision dated September 6, 2012, the court granted the respondent's motion as to the petitioner's paragraph 6a claim alleging ineffective assistance of habeas counsel on the ground that the claim was barred by the doctrine of res judicata. Judge Newson denied the motion as to the remainder of the petition. Thereafter the petitioner filed a second amended petition that did not include the paragraph 6a claim.

On June 5, 2013, the habeas court, *Kwak, J.*, conducted a trial on the merits of the petitioner's second amended petition. After the petitioner presented his case, the respondent orally moved for a judgment of dismissal, alleging that the petitioner had failed to make out a prima facie case. The court heard argument from both parties on the motion at that time. In a subsequent memorandum of decision, dated September 19, 2013, the court concluded that the petitioner had failed to make out a prima facie case and granted the respondent's motion for a judgment of dismissal. The petitioner then filed a petition for certification to appeal from the judgment of dismissal. The court denied the petition for certification. This appeal followed.

On appeal, the petitioner first claims that the habeas court, *Kwak, J.*, improperly denied his petition for certification to appeal. The petitioner's argument, however, addresses not what Judge Kwak decided but instead centers on Judge Newson's earlier dismissal of his paragraph 6a claim against Moreshead. The petitioner argues that Judge Kwak abused his discretion in denying the petition for certification because "a court could resolve the issue of prejudice in a different manner or jurists of reason could resolve the motion to dismiss the third petition differently than Judge Newson did." The respondent argues that Judge Kwak did not abuse his discretion because "the petitioner did not ask [Judge Kwak] to certify as an issue for appeal his [paragraph 6a] claim," which was dismissed by Judge Newson, and therefore Judge Kwak "was not given the opportunity to exercise any discretion to consider whether the challenged ruling of [Judge Newson] was worthy of appeal." We agree with the respondent.

We now turn to the applicable standard of review. "[A]n appeal following the denial of a petition for certification to appeal from the judgment denying a petition for a writ of habeas corpus is not the appellate equivalent of a direct appeal from a criminal conviction. Our limited task as a reviewing court is to determine

whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous. Thus, we review whether the issues for which certification to appeal was sought are debatable among jurists of reason, a court could resolve the issues differently or the issues are adequate to deserve encouragement to proceed further. . . . Because it is impossible to review an exercise of discretion that did not occur, we are confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal." (Citation omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

In the present case, we need look no further than the petition for certification, which did not include the petitioner's paragraph 6a claim that his first habeas counsel ineffectively failed to raise his claim that his trial counsel ineffectively failed to request jury instructions on additional lesser included offenses. This court has previously held that "a petitioner cannot demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of issues that were not actually raised in the petition for certification to appeal." *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011); see also *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 216–17 ("[b]ecause the petitioner did not raise the claim [that he now seeks to have us review] when asking the court to rule on his petition for certification to appeal, we cannot conclude that the court abused its discretion on that ground"); *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841, 62 A.3d 629 ("[t]he court could not abuse its discretion in denying the petition for certification about matters that the petitioner never raised"), cert. denied, 310 Conn. 921, 77 A.3d 143 (2013). Accordingly, we conclude that the petitioner has failed to demonstrate that Judge Kwak abused his discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

———————————————