## STATE OF CONNECTICUT v. CHARLES MEBANE
## (6312)

DALY, STOUGHTON and NORCOTT, Js.

Argued October 21, 1988—decision released January 3, 1989

*Francis T. Mandanici*, with whom, on the brief, was *Joseph Ganim*, for the appellant (defendant).

*Jay F. Huntington*, deputy assistant state's attorney, with whom was *David Gold*, assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of the crime of having a weapon in a vehicle in violation of General Statutes § 29-38.[1] The defendant claims that the trial court erred

[1] General Statutes § 29-38 provides in part: "Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued as provided in section 29-28 or section 53-206, or has not registered such weapon as required by section

(1) in instructing the jury that the state need prove only the defendant's knowledge of the weapon's presence and not that the defendant had or possessed it, and (2) in failing to grant his motion for judgment of acquittal.

The jury could reasonably have found the following facts. On December 7, 1986, at approximately 1 a.m., Officers Philip Beamon and Vincent Raucci of the New Haven police department observed a motor vehicle parked with its engine running in the middle of Winchester Avenue. The defendant, who was the operator of the vehicle, blocked traffic in both directions as he conversed with several females standing across the street. The officers approached the vehicle and Beamon asked the defendant for his license and registration. Beamon informed the defendant that he would be issued a summons for improper parking. The defendant acted nervous when Beamon spoke to him. Raucci stood behind the vehicle and watched the three male passengers in the defendant's vehicle in order to cover Beamon.

While standing outside the driver's door and writing the summons, Beamon observed the defendant reach between his legs toward the floor. In order to get a better look into the compartment, Beamon shone his flashlight into the car. He then observed what appeared to be a gun handle on the floor of the car. Beamon yelled to Raucci that there was a gun in the car. The officers drew their weapons and ordered the occupants to put their hands in plain sight. After the defendant was ordered to get out of the car, Beamon searched the floor area of the driver's seat and found a fully loaded, operable .38 caliber snub-nosed revolver. The gun was located far enough into the driver's floor

53-202, as the case may be, shall be fined not more than one thousand dollars or imprisoned not more than five years or both . . . ."

area that Beamon did not have to reach underneath the seat to retrieve it. The defendant and the three passengers, Dennis Broadnax, Anthony Smalls and Darrell Banks, all were arrested.

The defendant's first claim is that the trial court erred in its instruction on the offense of weapons in vehicles. He claims that the language "knowingly has," as set forth in the statute, means "knowingly possesses" and, therefore, that the court erred when it failed to instruct the jury as to either actual or constructive possession. He further claims that the erroneous instruction violated his constitutional rights because the state was relieved of proving an essential element of the offense. Although the defendant took no exception to the instruction he now challenges, we will review his claim under the "exceptional circumstances" rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), since the claim involves the constitutional right to proof of guilt beyond a reasonable doubt. *State* v. *Price,* 205 Conn. 616, 619, 534 A.2d 1196 (1987).

When construing a statute, we use common sense and assume that the legislature intended to accomplish a reasonable and rational result. *State* v. *Roque,* 190 Conn. 143, 151, 460 A.2d 26 (1983). "In determining the meaning of statutory language, this court must read a statute as a whole." *State* v. *Williams,* 206 Conn. 203, 210, 536 A.2d 583 (1988).

Against the above standards, we determine that General Statutes § 29-38 makes it illegal for any person knowingly to *have in any vehicle* any weapon without a legal permit. While penal statutes are to be construed strictly, strict construction "does not require that the narrowest technical meaning be given to the words employed in a criminal statute in disregard of their context and in frustration of the obvious legislative intent." *State* v. *Roque,* supra. "The clear intent of [§ 29-38] is

to make it a crime to have a weapon in a motor vehicle . . . ." *State* v. *Peterson,* 13 Conn. App. 76, 87, 534 A.2d 1237 (1987). The statute is not concerned with possession or ownership of a weapon, but rather aims to penalize those who know that there is a weapon inside a motor vehicle. To read the requirement of possession into the statute would unnecessarily limit the scope of the statute. Such an interpretation would also render the statute redundant because General Statutes § 29-35 makes it illegal for any person to carry a pistol or revolver without a permit. We decline to interpret § 29-38 in a way that would thwart its purpose and render the statute unworkable. We conclude that the trial court correctly charged the jury on the essential elements of the offense of having a weapon in a motor vehicle.

The defendant's second claim is that the trial court erred when it failed to grant his motion for judgment of acquittal. Specifically, he claims that the state failed to present sufficient evidence that none of the occupants of the vehicle had been issued a proper permit for the weapon.

In *State* v. *Smith,* 9 Conn. App. 330, 338, 518 A.2d 956 (1986), we noted that the lack of a proper permit is an essential element for a violation of General Statutes § 29-38 that the state must prove beyond a reasonable doubt. Moreover, the state must prove that no one in the vehicle had a proper permit to carry the weapon.

During trial, the state produced two witnesses to prove that none of the occupants had a permit to carry a weapon. Sergeant Francis Whelan of the Connecticut state police testified that, from his review of the state records, none of the occupants had been issued a state gun permit. Officer John Esposito of the New Haven police department testified that from his review

of the city records, neither the defendant, nor Smalls nor Bank had a city gun permit. When asked whether Broadnax had such a permit, Esposito responded "No, I haven't."[2]

While this is unquestionably an ambiguous statement, a review of the entire proceedings indicates that both the defendant and the state viewed Esposito's response as indicating that Broadnax had not been issued a local gun permit. The defendant did not cross-examine Esposito on his answer. Moreover, the defendant's motion for judgment of acquittal was based on the state's failure to prove his knowledge of the presence of the weapon, and did not rely on the alleged failure to prove that Broadnax did not have a local gun permit. The ground claimed on appeal was not distinctly presented to the trial court as required by Practice Book § 288. We are not bound to consider it here. *State* v. *Bradley,* 12 Conn. App. 163, 167–68, 529 A.2d 1343, cert. denied, 205 Conn. 810, 532 A.2d 77 (1987). The trial court did not err in denying the motion for judgment of acquittal.

There is no error.

In this opinion the other judges concurred.

[2] This answer was verified by the court reporter.