LARRY MCCOWN *v.* COMMISSIONER OF CORRECTION
(AC 28691)

McLachlan, Lavine and Mihalakos, Js.

Argued November 13, 2008—officially released March 10, 2009

*Kathryn Steadman*, special public defender, for the appellant (petitioner).

*Raheem L. Mullins*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Larry McCown, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly failed to conclude that his trial counsel rendered ineffective assistance of counsel, under the totality of the circumstances, by (1) failing to ensure that the petitioner's witness at a suppression hearing obeyed a sequestration order, (2) entering into a stipulation without his knowledge concerning General Statutes (Rev. to 1993) § 29-38,[1] (3) failing to object to an erroneous instruction by the trial court regarding the possession element of § 29-38 and (4) failing to object to statements made by the prosecutor during rebuttal closing arguments. We affirm the judgment of the habeas court.

The jury found the petitioner guilty of various criminal offenses.[2] See *State* v. *McCown*, 68 Conn. App. 815, 817–19, 793 A.2d 281, cert. denied, 260 Conn. 927, 798 A.2d 972 (2002). The petitioner received a total effective sentence of sixty-five years incarceration. The conviction was affirmed on direct appeal. See id. Following his direct appeal, the petitioner brought a petition for a writ of habeas corpus, which he subsequently amended. In his third amended petition, the petitioner set forth three counts: ineffective assistance of trial

---

[1] General Statutes (Rev. to 1993) § 29-38 (a) provides in relevant part: "Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued as provided in section 29-28 . . . shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. . . ."

[2] Specifically, the petitioner was convicted of murder as an accessory in violation of General Statutes §§ 53a-8 and 53a-54a, conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a, attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a, and possession of a weapon in a motor vehicle in violation of § 29-38.

counsel, ineffective assistance of appellate counsel and prosecutorial impropriety. After a hearing, the habeas court denied the petition in a detailed memorandum of decision. The court subsequently granted the petition for certification to appeal. This appeal followed. Only the claims concerning the effectiveness of counsel are at issue.

Our standard of review is well settled. "Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by [an appellate] court unfettered by the clearly erroneous standard. . . . To determine whether the petitioner has demonstrated that counsel's performance was ineffective, we apply the two part test established in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Claims of ineffective assistance during a criminal proceeding must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . A reasonable probability is one which is sufficient to undermine confidence in the result." (Citations omitted; emphasis in original.) *Vasquez* v. *Commissioner of Correction*, 111 Conn. App. 282, 285–86, 959 A.2d 10, cert. denied, 289 Conn. 958, 961 A.2d 424 (2008). With the foregoing in mind, we now turn to the petitioner's specific claims.

On appeal, the petitioner concedes that although each claimed error alone would not constitute deficient performance of counsel, the combined effect of all four claimed errors denied him effective assistance of counsel. The petitioner first claims that he was denied effective assistance by his counsel's failure to ensure that

his mother obeyed the trial court's sequestration order. His counsel's failure to do so resulted in the court's refusal to permit her to testify at the suppression hearing. The only claim raised in the petitioner's amended petition relative to the suppression hearing, however, was that his trial counsel failed to call the petitioner to testify. Because the petitioner's claim regarding his mother's inability to testify at the suppression hearing was not raised at the habeas proceeding, the court did not rule on it. "We are not bound to consider an issue unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . [T]o review the petitioner's [claim] now would amount to an ambuscade of the [habeas court]." (Internal quotation marks omitted.) *Brown* v. *Commissioner of Correction*, 104 Conn. App. 144, 149, 931 A.2d 963, cert. denied, 284 Conn. 937, 937 A.2d 693 (2007). We will not address this claim.

The petitioner next claims that his trial counsel was ineffective for entering into a stipulation that the petitioner did not have a permit for a pistol or revolver[3] and for failing to object to an inaccurate jury instruction on the element of possession.[4] The petitioner claims

---

[3] The stipulation was entered into regarding solely the permit element of § 29-38. See footnote 1.

[4] During jury deliberations, the jury sent an inquiry to the court: "[D]oes weapons in a motor vehicle mean the [petitioner] actually had a weapon on him, does it mean that he was merely aware of the weapon somewhere in the car which he occupied?" The trial court inaccurately responded that "for the [petitioner] to knowingly have possession of a pistol or revolver in a motor vehicle, 'he had [to have] it either in his hand or on his person.' " See *State* v. *Mebane*, 17 Conn. App. 243, 246, 551 A.2d 1268 ("The statute is not concerned with possession or ownership of a weapon, but rather aims to penalize those who know that there is a weapon inside a motor vehicle. To read the requirement of possession into the statute would unnecessarily limit the scope of the statute."), cert. denied, 210 Conn. 811, 556 A.2d 609, cert. denied, 492 U.S. 919, 109 S. Ct. 3245, 106 L. Ed. 2d 591 (1989). The habeas court noted that this instruction made it more difficult for the jury to determine whether the petitioner was guilty of the offense.

that these two errors together resulted in a reasonable probability that the jury interpreted the stipulation as an admission by the petitioner that he had a weapon for which he did not have a permit. The petitioner argues that the stipulation combined with his trial counsel's failure to object to the inaccurate jury instruction caused the jury to conclude that the petitioner physically possessed a gun and that there was a reasonable probability that he was one of the two shooters in the underlying criminal matter. We do not agree.

The habeas court, in concluding that the petitioner's claim was meritless, determined that the trial court stated that the stipulation applied only to the permit element. The habeas court further found that the trial court had properly articulated each element of the crime and that each element had to be proven beyond a reasonable doubt. Additionally, the habeas court found that trial counsel's failure to object to the incorrect jury charge was a strategic decision. The petitioner failed to show that the outcome of the decision would have been different but for the incorrect jury charge. He thus failed the second prong of *Strickland*. We agree with the habeas court's conclusion.

The petitioner's final claim is that his trial counsel was ineffective for failing to object to the prosecutor's misstatement during rebuttal closing argument. During rebuttal closing argument, the prosecutor stated that the petitioner admitted in his statement to the police to having fired gunshots. The petitioner, however, never made such a statement. The petitioner now argues that the failure of his trial counsel to object to the prosecutor's incorrect statement caused prejudice. At the habeas proceeding, however, trial counsel testified that he did not recall hearing the prosecutor make such a statement and, further, that such a statement would have been harmful to the state, not to the petitioner. Trial counsel testified that it would have been harmful

to the state, as it was a clear misstatement of the evidence and could cause the jury, upon realizing the mistake, to wonder if other statements the prosecutor made had credibility problems. The habeas court found that the performance prong did not have to be resolved, as the petitioner failed to prove the prejudice prong. During the course of the criminal trial, the petitioner's taped statement to the police was played for the jury, and, while deliberating, the jury had a transcript of the taped statement that the petitioner had provided to the police. Additionally, the jurors had been instructed that it was their recollection of the evidence that controlled as they were determining the facts and that closing arguments were not to be considered as evidence. The habeas court, therefore, found that there was no prejudice to the petitioner.

After carefully reviewing the record and briefs, we agree with the court's thoughtful and thorough memorandum of decision. The petitioner has failed to make a substantial showing that the assistance he had received from counsel fell below the objective standard of reasonableness and that a reasonable probability existed that, but for counsel's ineffective representation, the outcome would have been different. We conclude, therefore, that the court did not improperly conclude that there was no deficient performance on the part of trial counsel or any prejudice to the petitioner.

The judgment is affirmed.